CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 26 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRANDON DAVID BERKEBILE, | CASE NO. 7:11CV00433 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| vs. | |
| DEREK J. RUSSELL, | By: James C. Turk |
| | Senior United States District Judge |
| Defendant. | |

Brandon David Berkebile, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that a jail official violated his constitutional rights by calling him a "faggot." The court finds that these allegations fail to state any claim actionable under § 1983 and will dismiss the action as frivolous.

I

Berkebile alleges the following sequence of facts on which he bases his claims. Berkebile, who is openly homosexual, is incarcerated at the Northwestern Regional Adult Detention Center (NRADC) in Winchester, Virginia. On July 3, 2011, he was sitting at a table in his pod, drawing a picture of a fairy tattoo that he planned to obtain after his release. He held up the finished drawing and asked three other inmates nearby what they thought of the tattoo design. Correctional Officer Derek J. Russell saw the picture and said in a loud tone, "It fits you right you faggot." Berkebile found this comment offensive and filed a grievance, complaining that Russell's comment violated jail policy. The captain who responded to his grievance appeal deemed his grievance against Russell to be "founded," and informed him that the staff members involved in the incident had been advised of the expectation under jail policy that they treat inmates with respect and professionalism.

Berkebile alleges that Russell's comment "embolden[ed] other inmates to harass [Berkebile] to the point that [he] removed [himself] from the 'pod' and was placed in segregation." Berkebile sues Russell under § 1983, claiming a violation of equal protection principles and seeking to recover punitive damages.

## II

Pursuant to §1915A(b)(1), the court shall dismiss an action filed by a prisoner against government officials at any time upon finding it to be frivolous or malicious or for failure to state a claim upon which relief may be granted. An inmate cannot hold an officer liable under § 1983 for name-calling. Allegations of verbal abuse and harassment by guards do not state any constitutional claim, even when the comments cause the inmate to be fearful and anxious. Henslee v. Lewis, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979)). The constitution simply does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991); Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Keyes v. City of Albany, 594 F. Supp. 1147 (N. D. N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a §1983 claim.").

Under these principles, the court concludes that Berkebile's allegations cannot provide the factual basis for any § 1983 claim. The fact that Russell's conduct violated NRADC policy is not independently actionable under § 1983. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (finding § 1983 intended to protect only federal rights guaranteed by federal law and not

2

tort claims for which there are adequate remedies under state law).  To the extent that Berkebile may have some independent claim against Russell under state law claims,  the court declines to exercise supplemental jurisdiction over any such claim, pursuant to 28 U.S.C. § 1367(c).

For the reasons stated, the court finds Berkebile's § 1983 claim to be legally frivolous and dismisses the entire complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and § 1367(c).  An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 26th day of September, 2011.

/s/ James C. Turk
Senior United States District Judge